UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DAVID ARTHUR LEE       ]
    Plaintiff,        ]
                       ]
v.                     ]      No. 3:15-0737
                       ]      Judge Nixon
DR. J. BRIDGES         ]
    Defendant.        ]

**M E M O R A N D U M**

The plaintiff, proceeding *pro se*, is an inmate at the Metro Davidson County Detention Facility (MDCDF) in Nashville. He brings this action pursuant to 42 U.S.C. § 1983 against Dr. J. Bridges, a physician at MDCDF, seeking injunctive relief.

According to the complaint, the plaintiff has a bullet lodged in his knee. Prior to arriving at MDCDF, the plaintiff was scheduled for an appointment with an orthopedic surgeon to discuss the possibility of surgery to remove the bullet. However, the defendant allegedly cancelled the appointment and changed plaintiff's medication.

The plaintiff does not agree with the defendant's actions and has characterized them as negligence and malpractice. He believes that the defendant has failed to provide him with adequate medical care in violation of his Eighth Amendment rights.

1

In order to state a claim for relief under § 1983, the plaintiff must plead and prove that the defendant, while acting under color of state law, deprived him of some right or privilege secured by the Constitution or laws of the United States. Parratt v. Taylor, 101 S.Ct. 1908, 1913 (1981).

The Eighth Amendment guarantees a prisoner the right to medical care. This right has been violated when prison officials are deliberately indifferent to a prisoner's serious medical needs. Estelle v. Gamble, 429 U.S. 97 (1976).

In this case, the plaintiff admits that the defendant has prescribed medication for his condition, that he has received a pass for a bottom bunk with a thick mattress, and that he has been given a hernia belt and a walker. As a consequence, the defendant has not been deliberately indifferent to the plaintiff's serious medical needs. This dispute, therefore, arises over the adequacy of the care provided the plaintiff.

When a prisoner has received some medical attention and his claim is a challenge to the adequacy of the care provided, federal courts are generally reluctant to second guess medical judgments and constitutionalize claims which sound in state tort law. Hill v.Jones, 211 F.3d 1269 (6th Cir.2000). Medical malpractice does not become a constitutional tort merely because the victim is a prisoner. Estelle, *supra* at 429 U.S. 105-106. Therefore, the plaintiff has failed to describe conduct resulting in a violation

2

of federal law. Comstock v. McCrary, 273 F.3d 693, 703 (6th Cir.2001).

Absent a violation of federal law, the plaintiff is unable to prove every element of a § 1983 cause of action. Consequently, he has failed to state a claim upon which relief can be granted. When a prisoner proceeding in forma pauperis has failed to state a claim for relief, the Court is obliged to dismiss the instant action *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

                                                     John T. Nixon
                                                   Senior District Judge